UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br>In re:<br>CIRCUIT CITY STORES, INC.,<br>et al,<br>      Debtors<br>--------------------------------------------------------<br>MARLON MONDRAGON, on behalf of<br>himself and all others similarly situated,<br>      Plaintiffs,<br>    -against-<br>Circuit City Stores, Inc., et al.,<br>      Defendant.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | In Proceedings For Reorganization Under Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered<br><br>Adv. Proc. No.: 09-03073 KRH |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

The WARN Act requires that employers provide employees adequate notice of mass layoffs and store closings or adequate remuneration in lieu thereof. This case is about Defendant Circuit City Stores, Inc.'s ("Circuit City") failure to provide notice or compensation as required by the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act"), when it implemented mass layoffs and store closings.[1] In this action Defendant terminated

---

[1] In moving to dismiss Plaintiff's original Complaint, Defendant argued that Plaintiff failed to state a WARN Act claim. On July 8, 2009, Plaintiff served an Amended Complaint. Defendant's re-filed motion does not dispute that the Amended Complaint properly states a WARN Act claim.

1

Plaintiff and the members of the putative class *after* it filed its bankruptcy petition, failing to give either adequate notice of termination or adequate remuneration in lieu thereof. Accordingly, the Plaintiff's WARN Act claim vested upon termination when the employer failed to provided proper notice or pay the required wages in lieu thereof. The Plaintiff seeks to vindicate his rights, and those of the members of the class he seeks to represent, under the WARN Act.

Defendant has moved to dismiss Plaintiff's claim, arguing that: 1) Plaintiff's WARN Act claim is a pre-petition claim which should be addressed through the claims administration process, not by way of an adversary proceeding, because it supposedly accrued prior to the bankruptcy petition; 2) Plaintiff's WARN Act claim should be adjudicated through the claims administrative process rather than this adversary proceeding.

Defendant's arguments fail. *First*, Plaintiff's claim is *not* a pre-petition claim since the claim did not vest until *after* Defendant terminated Plaintiff without a WARN compliant 60 day notice or payment *after* the petition was filed. *Second*, even if Plaintiff's claim was a pre-petition claim, it should nonetheless be litigated in this adversary proceeding because Plaintiff and the putative class's WARN Act claims will be expedited and handled more efficiently in a class adversary proceeding where the claims can be handled collectively rather than in a piecemeal fashion. Thus, as numerous courts have recognized, an adversary proceeding provides a less protracted and more efficient litigation framework for management of WARN Act claims, regardless of when the claims vested.

Lastly, Rule 7023 and Federal Rule of Civil Procedure 23 are "always applicable" in an adversary proceeding without any action of the court. Thus, the Plaintiff need not file a motion seeking application of Rule 7023 and Rule 23, nor a class proof of claim, in order to prosecute his claims and the claims of the class he seeks to represent, provided there is no prejudice, which

the defendant does not, and cannot, allege. Accordingly, dismissal of Plaintiff's complaint on this basis would be unwarranted.

## II. STATEMENT OF FACTS

Defendant Circuit City is a corporation with its principal place of business in Richmond, Virginia. Amended Class Action Adversary Proceeding Complaint ("Am. Comp."), ¶ 5, Mar. 18, 2009 (Docket No. 2). Plaintiff was an employee of Circuit City at its retail outlet located in the Palisades Mall, West Nyack, New York. *Id.* ¶ 6. Plaintiff and such other class members were managers, assistant managers and other employees at one of Circuit City's approximately 150 stores (the "Stores" or "Stores and Related Facilities"), until their termination. *Id*. ¶ 8.

On or after November 2, 2008 the Defendant announced a "mass layoff" or "plant closing" at the Stores and Related Facilities, as those terms are defined by 29 U.S.C. §2101(a)(3). Am. Comp. ¶ 39. Shortly thereafter, on or after November 7, 2008, the Defendant announced a reduction of its corporate headquarters workforce totaling approximately 700 employees. *See* November 10, 2008 Press Release, Form 8K dated November 5, 2008.[2] The evidence will show that the actual terminations of Plaintiff and the other members of the Class he seeks to represent did not occur until on or about December 31, 2008, when the store closing sales were finished. *See* Form 8K, dated November 5, 2008. During this time Plaintiff, and the members of the class he seeks to represent, conferred a benefit upon the Defendant's bankrupt estate by assisting in the closing sales.

The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination. Am. Comp. ¶ 43. The Defendant failed to give the Plaintiff and other members of the Class written

---

[2] This Court may consider public SEC filings without converting a motion to dismiss into a motion for summary judgment. *E.g. Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573 (N.D. Tex. 2005).

notice in violation of the requirements of the WARN Act. *Id.* ¶ 44.

The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations. *Id.* ¶ 46.

As a result of Circuit City's violation of the WARN Act, Plaintiff and members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(k) contributions for sixty (60) calendar, (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the date of their respective terminations, and (c) medical expenses incurred during such period by such persons that would have been covered and paid under Circuit City's employee benefit plans had that coverage continued for that period.

## III. STANDARD OF REVIEW

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Ruttenberg v. Jones*, 283 Fed. Appx. 121, 128 (4th Cir. 2008) (*quoting Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Specific facts are not necessary; the

statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (U.S. 2007) (*per curiam*) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Bosely v. Lemmon (In re Mills)*, 287 Fed. Appx. 273, 280 (4th Cir. 2008) (*citing* Erickson, 551 U.S. at 93) (same).

However, a complaint should be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. As the *Twombly* Court explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *see also Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008) (harmonizing *Twombly* and *Erickson* and recognizing *Erickson* does not undermine *Twombly's* requirement that a pleading contain "more than labels and conclusions"). Plaintiffs must, therefore, "nudge [] their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

IV.  **ARGUMENT**

    A.  **Plaintiff's WARN Act Claim Vested Upon Termination, Is A Post-Petition Claim, And Is The Proper Subject Of An Adversary Proceeding.**

Defendant, citing largely to generalized (and irrelevant) caselaw concerning the definition of "contingent" claims, argues that Plaintiff's WARN Act claim is a pre-petition claim because he supposedly had a claim as of November 2, 2008, on or about when he first heard about the planned layoffs. However, a WARN Act claim *only vests at the time of termination*, which was post-petition. That Plaintiff first heard of his eventual termination pre-petition is of no import.

Defendant cites 11 U.S.C. § 101(5) (A) for the Bankruptcy Code's definition of "claim" and argues that Plaintiff's WARN Act claim was "contingent" and therefore a claim under the

Bankruptcy Code as of November 2, 2008.  However, when, as here, the obligation arises as a result of a debtor's post-petition acts, the claim relating to the obligation is a post-petition claim. *See River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833, 838 (4th Cir. 1994) (a claim for post-petition housing cooperative dues arose at the time the dues were assessed, which was post-petition, and not at the pre-petition time the contract for housing was made).

The WARN Act requires that employers provide employees adequate notice of mass layoffs and store closings or adequate remuneration in lieu thereof.  Accordingly, a WARN Act claim vests upon termination when the employer had not provided proper notice or paid the required wages in lieu thereof, not when potential layoffs are first announced.  In *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio. 2003), the Court addressed this issue, stating:

> The alleged 'wrong' in this case is not Emery's act of laying off the Plaintiffs; it is its failure to give them adequate notice of its plan to do so or adequate remuneration in lieu thereof.  Through the WARN Act, Congress has stated to large employers, in effect, that it is okay to lay off employees, but in return they must be given 60 days' notice or, if not, then the remuneration they would have received for the number of days for which they were entitled to prior notice.  Indeed, an employer which has given inadequate notice of discharge may compensate its employees according to 29 U.S.C. § 2104(a)(1) <u>as they walk out the door</u> upon their being laid off, and if it does so, it has no further liabilities to them.

*Id.* at 797-98 (emphasis added). In this action Defendant terminated Plaintiff and the members of the putative class *after* it filed its bankruptcy petition and failed to give adequate notice of termination or remuneration in lieu thereof.

The WARN Act cases cited by Defendant provide further support for this position. *See Henderson v. Powermate Holding Corp. (In re Powermate Holding Corp.)*, 394 B.R. 765, 776

6

(Bankr. D. Del. 2008) ("the rights of workers discharged in violation of the WARN Act *accrue in their entirety upon their termination*.") (emphasis added); *see also In re First Magnus Fin. Corp.*, 390 B.R. 667 (Bankr. D. Ariz. 2008) (employee terminated pre-petition).

The remaining cases relied upon by the Defendant do not even involve WARN Act claims. *In re National Gypsum Co.*, 139 B.R. 397 (N.D. Tex. 1992), involved CERCLA claims and held that because all the CERCLA elements occurred pre-petition, the CERCLA claim should be deemed pre-petition. *Id.* at 405. Similarly, *Grady v. A.H. Robins Co.*, 839 F.2d 198 (4th Cir. Va. 1988) involved injury claims relating to the Dalkon Shield – not WARN Act claims. In *A.H. Robins*, the court very specifically declined to rule on whether post-petition claims constitute an administrative expense, and limited its holding to the facts of the case:

> Neither do we decide whether or not post-petition claims constitute an administrative expense. We hold only that the Dalkon Shield claim in the case before us, when the Dalkon Shield was inserted in the claimant prior to the time of filing of the petition, constitutes a 'claim' 'that arose before the commencement of the case' within the meaning of 11 U.S.C. § 362(a)(1).

*Id*. at 203.

Defendant next argues that Plaintiff has conceded that his WARN Act claim constitutes a pre-petition claim. Not so. First, under Federal Rule of Civil Procedure 8(d)(2), a party may plead alternatively or hypothetically within a single count or defense, or assert separate claims or defenses in an alternative or multiple manner. *See TSC Research, LLC v. Bayer Chems. Corp*., 552 F. Supp. 2d 534, 540 (M.D.N.C. 2007) (*citing* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1282). Therefore, that Plaintiff's Prayer for Relief sought an allowed wage priority claim, and filed a proof of claim on January 30, 2008, in no way demonstrates that the Plaintiff has conceded his claim is a pre-petition claim. Moreover, neither

the prayer for relief nor the proof of claim can change the fact that the Plaintiff was terminated post-petition, and that his WARN Act claim is therefore a post-petition claim.

      **B.**      <u>**Even if Plaintiff's WARN Act Claim Was A Pre-Petition Claim, An Adversary Proceeding is Nonetheless Superior to the Claims Process and Does Not Require The Plaintiff To File A Class Proof of Claim**</u>

Assuming *arguendo* that the Plaintiff's WARN Act claim is a pre-petition claim, which it is not, the weight of caselaw nonetheless supports its resolution through an adversary proceeding, rather than by the claims process. Indeed, as the Official Committee of Creditors Holding Unsecured Claims has already objected to the payment of WARN Act claims, there is even greater need for an adversary proceeding.

The bankruptcy courts frequently allow post-petition WARN Act claims to proceed in an adversary proceeding. Thus, in *Johnson v. First NLC Fin. Servs., LLC (In re First NLC Fin. Servs., LLC)*, 2008 Bankr. LEXIS 2166 (Bankr. S.D. Fla. Aug. 11, 2008), where the plaintiffs were terminated pre-petition, and had pre-pretition WARN Act claims, the court recognized that the plaintiffs were entitled to file a class proof of claim, but nevertheless found that "if the class could be certified, handling of the WARN Act claims in an adversary proceeding is appropriate and preferable to the claims procedure." *Id*. at *6. The court reasoned that "resolution of the WARN Act claims will be expedited and handled more efficiently in a class adversary proceeding because the claims will be handled collectively rather than in a piecemeal fashion." *Id*. at *6-7. Moreover, if the class is certified, the court found "between an adversary proceeding and the claims process, an adversary proceeding has the potential to provide a less protracted and more efficient litigation framework." *Id*. at *7.

Other courts have similarly found that an adversary proceeding presents the preferred method of adjudicating WARN Act claims. *See Kettell v. Bill Heard Enters. (In re Bill Heard Enters.)*, 400 B.R. 795, 801 (Bankr. N.D. Ala. 2009) (finding a class action adversary proceeding would be more efficient than the piecemeal claims process in handling WARN Act claims); *Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.)*, 392 B.R. 633, 642 (Bankr. D.S.C. 2008) (denying defendant's motion to dismiss adversary proceeding because of "principles of judicial economy and judicial efficiency" and finding that "class action relief is equitable in nature satisfying Fed. R. Bankr. P. 7001(7)"); *Cain v. Inacom Corp.*, 2001 Bankr. LEXIS 1299, at * 6 (Bankr. D. Del. Sept. 26, 2001) (finding that the plaintiffs' WARN Act complaint "seeks equitable relief and may be appropriately pursued pursuant to Rule 7001 as an adversary proceeding.").

The objection by the Official Committee of Creditors Holding Unsecured Claims to the payment to WARN employees [3] adds further weight to the use of an adversary proceeding here. *See, e.g., Kettel*, 400 B.R. at 801 (findings an adversary proceeding proper where, among other things, the defendant "has expressed opposition to any and all WARN Act claims and will most certainly vigorously defend against same").

The cases cited by Defendant do not compel a different conclusion. Three of the four cases upon which Defendant relies do not involve WARN Act claims. *In re Plastech Engineered Prod., Inc.*, Case No. 08-42417 (Bankr. E.D. Mich. Aug. 21, 2008), was an unpublished excerpt of a transcript (from a hearing involving some of Defendant's law firms here) where the court dealt with pre-petition claims, which apparently were not WARN Act claims. *Welt v. Conston*

---

[3] *See* Am. Comp. ¶ 20; *see also* Objection Of The Official Committee Of Creditors Holding Unsecured Claims To The Payment To WARN Employees Under The Debtor's Motion For Order And Order Pursuant To Bankruptcy Code Sections 105(A), 363, 507(A), 541, 1107(A) And 1108 And Bankruptcy Rule 6003 Authorizing Debtors To Pay Prepetition Wages, Compensation And Employee Benefits (November 26, 2008).

9

*Corp. (In re Conston)*, 181 B.R. 175 (Bankr. D. Del. 1995), dealt with pre-petition claims (fraudulent money transfers) and did not involve WARN Act claims. *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1 (S.D.N.Y. 2005), arose from pending consumer class actions. In *Ephedra*, the court dismissed the plaintiffs' class action complaints because plaintiffs had made made only "sporadic, and ineffective attempts to move their class actions forward" toward certification. *Id.* at 5. *Tsai v. Buildings by Jamie, Inc. (In re Buildings by Jamie)*, 230 B.R. 36, 46 (Bankr. D.N.J. 1998), similarly did not involve WARN Acts claims. The only case that Defendant cites that actually involved WARN Act claims, *Binford v. First Magnus Fin. Corp. (In re First Magnus Fin. Corp.)*, 2008 Bankr. LEXIS 328 (Bankr. D. Ariz. Feb. 6, 2008), is procedurally distinguishable from the case at bar because there the court *had already denied class certification* before dismissing the adversary proceeding. *Id.* at *2. The court reasoned that with class certification denied, it would be "waste of judicial resources to move forward on this adversary complaint." *Id.*

Further, Plaintiff asserts his claim, and the claims of the putative class members he seeks to represent, *in an adversary proceeding* -- not in a contested matter. The prosecution of class claims in an adversary proceeding does not require the filing of a class proof of claim, nor a motion to make Rule 7023 applicable. Tellingly, Defendant cites no case to the contrary.

Defendant cites *In re Computer Learning Centers, Inc.*, 344 B.R. 79 (Bankr. E.D. Va. 2006) for the proposition that permitting a plaintiff to proceed in an adversary proceeding without first filing a class proof of claim would be procedurally improper and prejudicial. However, the plaintiffs in *Computer Learning Centers* did not bring their claims in an adversary proceeding. *Id.* at 85-86. Rather, the *Computer Learning Centers* plaintiffs brought their claims by way of a *contested matter*. *Id.* at 85. In a contested matter, the class action mechanism may

10

not be employed without a plaintiff first making a motion for its application under Rule 7023. *Id.* at 86. Upon the court's granting of a plaintiff's motion to make Rule 7023 applicable, a plaintiff must next file a class proof of claim. *Id.* Only then in a contested matter may a plaintiff seek to prosecute class claims. *Id.*

Unlike in a contested matter, Rule 7023 and Federal Rule of Civil Procedure 23 are "always applicable" in an adversary proceeding "without any action of the court." *Computer Learning Ctrs.,* 344 B.R. at 85. Thus, the Plaintiff need not file a motion seeking application of Rule 7023 and Rule 23, nor a class proof of claim, in order to prosecute his claims and the claims of the class he seeks to represent, provided there is no prejudice. The defendant does not, and cannot, allege that it would be prejudiced if the Plaintiff prosecuted his claims and the claims of the class he seeks to represent. Accordingly, dismissal of Plaintiff's complaint on this basis would be unwarranted.

The weight of authority clearly favors the efficient management an adversary proceeding would provide. Dismissal of Plaintiff's complaint on this basis would therefore be unwarranted.

## V. CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss should be denied in its entirety, and Defendant should answer Plaintiff's Amended Complaint forthwith.

Dated: September 11, 2009                              MASON, L.L.P.

/s/ Gary E. Mason_____
Gary E. Mason
Admitted Pro Hac Vice
1625 Massachusetts Ave., N.W., Ste 605
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294

11

BUSMAN & BUSMAN, P.C.
Marc A. Busman
P.O. Box 7514
Fairfax Station, VA 22039
703-503-8088
703-425-8487 (facsimile)

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.
Randy J. Perlmutter
Gary S. Graifman
Co-Counsel for Plaintiff
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335


Co-Counsel for Movant

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, a true and correct copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage paid, to all person appearing below:

| | |
|---|---|
| Robert B. Van Arsdale, Esq.<br>Office of the United States Trustee<br>701 East Broad St., Suite 4304<br>Richmond, VA 23219<br>*Assistant United States Trustee* | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth St., 2nd Floor<br>Richmond, VA 23219<br>*Counsel for the Official Committee of Unsecured Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>McGuire Woods, LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219<br>*Counsel for the Debtors* | Greg M. Gilardi, Esq.<br>Ian S. Fredericks, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>*Counsel for the Debtors* |
| Daniel F. Banks, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA 23510<br>*Counsel for Debtors* | Bruce H. Besanko, Debtor Designee<br>Circuit City Stores, Inc.<br>9950 Maryland Drive<br>Richmond, VA 23233<br>*Debtor Designee* |

                                          /s/ Gary E. Mason
                                              Gary E. Mason