UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:    CIRCUIT CITY STORES, INC., *et al*.,    Case No. 08-35653-KRH
Chapter 11

Debtors.

_____

MARLON MONDRAGON,

    Plaintiff,

v.    AP No. 09-03073-KRH

CIRCUIT CITY STORES, INC.,

    Defendant.

_____

## CORRECTED MEMORANDUM OPINION

Presently before the Court is the Defendant's motion to dismiss this adversary proceeding. The question presented to the Court for resolution in this motion is when does a claim arise for an alleged violation of the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act") in connection with a Bankruptcy case. Plaintiff, Marlon Mondragon (the "Plaintiff"), argues that a claim arises under the WARN Act on the date that the employment of an aggrieved employee is terminated. Defendant, Circuit City Stores, Inc. ("Circuit City" or "Defendant"), maintains that such a claim arises on the date that an employer fails to give the requisite statutory notice of an aggrieved employee's pending termination. The resolution of this question determines whether the resulting claim, as that term is defined in the Bankruptcy Code, arises pre-petition or post-petition. For the reasons set forth herein, the Court holds that Plaintiff's claim (if any) resulting from Defendant's alleged violation of the WARN

Act arose pre-petition when Circuit City allegedly failed to give the notice required under the WARN Act. Therefore, the Plaintiff's claim should properly be administered through the bankruptcy claims resolution procedure and should not go forward as an adversary proceeding. Accordingly, the adversary proceeding commenced by Plaintiff will be dismissed; however, Plaintiff will be permitted to pursue his claim under part three of the Federal Rules of Bankruptcy Procedure.

Plaintiff filed this class action adversary proceeding against Circuit City on March 17, 2009. Circuit City filed previously its initial Motion to Dismiss, or, in the Alternative, for a More Definite Statement and accompanying brief (the "First Motion") on May 1, 2009. Hearing on the First Motion was conducted on June 23, 2009 (the "Hearing"). At the conclusion of the Hearing, the Court granted the motion for a more definite statement and deferred ruling on the motion to dismiss pending consideration of Plaintiff's subsequent re-filing. On July 8, 2009, Plaintiff filed an amended complaint (the "Second Amended Complaint"). On August 24, 2009, Circuit City filed this Motion seeking dismissal of the Second Amended Complaint pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure[1] (the "Motion"), and it filed an opening brief in support of the Motion. Plaintiff filed a response to the Motion on September 11, 2009. On September 25, 2009, Circuit City filed a reply brief in support of its Motion.

This memorandum opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. The Court has subject-matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of

---

[1] Rule 7012(b)(6) of the Federal Rules of Bankruptcy incorporates by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

Circuit City Stores, Inc., *et al.*,[2] filed its bankruptcy cases under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date"). Circuit City was a national, specialty retailer of consumer electronics. As of the Petition Date, Circuit City employed approximately 39,600 employees and was operating approximately 712 retail stores and 9 outlet stores throughout the United States and Puerto Rico.

The Second Amended Complaint seeks relief for alleged violations of the WARN Act on behalf of Plaintiff and all other non-union employees of Circuit City who were terminated by Circuit City at one of its store locations as a result of a mass layoff announced by Circuit City on or about November 2, 2008. The Defendant contends in its Motion that, even if the Plaintiff has adequately alleged a claim for relief for "back pay" and benefits under the WARN Act, the claim alleged by the Plaintiff is a pre-petition claim. As such, Circuit City argues that the claim should be addressed, not as an adversary proceeding, but instead, through the bankruptcy claims administration process. The Plaintiff, on the other hand, argues that the claim is a post-petition liability of the bankruptcy estate and is properly asserted as an adversary proceeding.

The purpose of the WARN Act is to provide "protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs." 20 C.F.R. § 639.1(a). The WARN Act requires that employers provide employees adequate notice of mass layoffs or adequate remuneration in lieu thereof. To

---

[2] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc.(n/a), XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC. The Court entered an order on November 10, 2008, granting the Debtors' motion for joint administration of these bankruptcy cases.

prove an action under the WARN Act, a plaintiff must establish four elements. First, the defendant must be "an employer" for purposes of the WARN Act. Second, the defendant must have ordered a "plant closing" or "mass layoff," as defined in the WARN Act. Third, the defendant must have failed to give sixty (60) days advance written notice of such plant closing or mass layoff to the plaintiff. And, fourth, the plaintiff must be an "aggrieved employee." 29 U.S.C. §§ 2102, 2104.

A motion to dismiss under Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure tests the legal sufficiency of the complaint. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In ruling on motions to dismiss, the Court must accept all well pleaded factual allegations in the complaint as true and construe the complaint in a light most favorable to the plaintiff. Dismissal is inappropriate when there exist well-pleaded factual allegations that plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009); *see also Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008) (holding that a complaint must "allege 'enough facts to state a claim for relief that is *plausible* on its face'") (emphasis in original) (quoting *Twombly,* 550 U.S. at 570). A court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950 (internal quotation omitted).

Plaintiff alleges that the Defendant announced a "mass layoff" or "plant closing" at his Store location and at Related Facilities, as those terms are defined by 29 U.S.C. §101(a)(3), on November 2, 2008. Plaintiff alleges that shortly thereafter the Defendant announced a reduction of its corporate headquarters workforce totaling approximately 700 employees. Plaintiff alleges that the actual terminations of Plaintiff and the other members of the Class he seeks to represent

4

did not occur until December 31, 2008, when the store closing sales were finished.[3] During this time, Plaintiff alleges that he and the members of the class he seeks to represent conferred a benefit upon the bankruptcy estate by assisting in the closing sales.

The Defendant claims that Circuit City was required by the WARN Act to give the Plaintiff and each of the other members of the Class he seeks to represent at least 60 days advance written notice of termination. Plaintiff alleges that the Defendant failed to give the Plaintiff and other members of the Class the requisite written notice in violation of the requirements of the WARN Act. Plaintiff claims that the Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

The Court accepts for purposes of Circuit City's Motion that Plaintiff has adequately alleged a claim for relief for "back pay" and benefits under the WARN Act. The question posited for the Court is when does that alleged claim under the WARN Act arise.

The Fourth circuit has adopted the "conduct test," to determine when a claim arises. *See Grady v. A.H. Robins Co.*, 839 F.2d 198, 201-02 (4th Cir. 1988); *see also In re Camellia Food Stores, Inc.*, 287 B.R. 52, 57 (Bankr. E.D. Va. 2002) (applying the conduct test to determine when a claim for insurance premiums under an insurance contract arises); *Thomson v. Board of Directors of Fairfax Cty. Police Officers Retirement Sys.*, 182 B.R. 140, 153 (Bankr. E.D. Va 1995), *aff'd*, 92 F.3d 1182 (4th Cir. 1996) (applying the conduct test to determine when a claim

---

[3] On January 16, 2009, the Court authorized the Debtors to conduct additional going out of business sales at the Debtors' remaining 567 store locations.

5

arises under an employment contract).  The "conduct test" holds that a claim arises when the event or conduct giving rise to the claim first occurs.  *Id.*

The event or conduct in this case that gave rise to the Plaintiff's claim first occurred when Circuit City ordered the "mass layoff" or "plant closing."  That event gave rise to Circuit City's duty under the WARN Act to notify the Plaintiff of his pending termination.  Plaintiff's Complaint alleges that this event occurred "on or about November 2, 2008," when Circuit City announced it would be closing a large number of stores, including the store at which the Plaintiff worked.  The Petition Date followed 8 days later on November 10, 2008.  Consistent with the facts alleged in the Second Amended Complaint, the claim would appear to have arisen pre-petition.

Plaintiff argues in his response that the claim arose post-petition, on December 31, 2008, when the actual termination of his employment occurred.  The WARN Act is essentially a notice statute.  *See Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 808 (4th Cir. 2007) ("The WARN Act was enacted in 1988 to provide notice of sudden, significant employment loss so that workers could seek alternative employment and their communities could prepare for the economic disruption of a mass layoff.").  The parties do not dispute that Circuit City issued a press release on November 2, 2008, announcing permanent store closings.  Given that Plaintiff's termination date was December 31, 2008, Circuit City would have been required under the terms of the WARN Act to have given Plaintiff notice of his pending termination on November 1, 2008.

Section 101(5)(A) of the Bankruptcy code defines a claim as the "right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C.

§ 101(5)(A). It is generally accepted that "Congress chose expansive language," in defining "claim," and, therefore, the definition of "claim" should be broadly construed and applied. *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990). Under the WARN Act, if covered employees are not given 60 days advance notice of a mass layoff, they are entitled to payment for wages and benefits for the days of work they would have had if they were given 60 days notice (ie. they would be entitled to 60 days pay if they were fired suddenly and without any notice, 30 days pay if they only had 30 days advance notice, etc.). The Plaintiff, therefore, had a "claim" against the Debtors on the 60th day prior to his termination of employment, even if that "claim" was "contingent" when it arose and even if that "claim" was very likely "disputed." To the extent that Plaintiff did not receive the requisite advance notice of the mass layoff, he would be entitled to "back pay" and benefits under the WARN Act. Defendant's alleged failure to give the Plaintiff notice on November 1, 2008 clearly occurred pre-petition.

No doubt realizing this, Plaintiff filed a proof of claim pursuant to § 501 of the Bankruptcy Code. The Court agrees with Circuit City that the best place to adjudicate whether or not the Plaintiff is entitled to back pay under the WARN Act is in the bankruptcy claims allowance and disallowance process, rather than in the context of an adversary proceeding.[4] *See, e.g., In re Ephedra Prods. Liab. Litig*., 329 B.R. 1, 7 (S.D.N.Y 2005) ("In bankruptcy, 'the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim' and not through an adversary proceeding."); *In re Buildings by Jamie*, 230 B.R. 36, 45-46 (Bankr. D.N.J. 1998) (dismissing an adversary complaint because

---

[4] Nowhere in Bankruptcy rule 7001, which lists what type of proceedings are adversary proceedings, is a claim such as this one mentioned.

"the proper procedure for [creditors] to prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and Rules.").

Although the Plaintiff cites several cases where bankruptcy courts have allowed WARN Act claims to be handled in an adversary proceeding when in the interest of efficiency,[5] the Court does not believe adjudication through an adversary proceeding would be efficient in this case. To the contrary, this Court believes that it would be "a waste of judicial resources to move forward on this adversary complaint, when the claims process is moving the same issues down a parallel track." *Binford v. First Magnus Fin. Corp. (In re First Magnus Fin. Corp.)*, 2008 Bankr. LEXIS 328, at *3 (Bankr. D. Ariz. Feb. 6, 2008) (dismissing a complaint asserting WARN Act violations), *aff'd* 2009 U.S. Dist. LEXIS 35533 at *10 (D. Ariz. Mar. 31, 2009).

## CONCLUSION

For the forgoing reasons, the Court holds that the Plaintiff's claim should be adjudicated through the claims administration process rather than as an adversary proceeding; accordingly, the Second Amended Complaint should be dismissed. A separate order shall issue.

ENTERED: _____

                                                    /s/ Kevin R. Huennekens
                                      UNITED STATES BANKRUPTCY JUDGE

---

[5] *See Kettell v. Bill Heard Enters. (In re Bill Heard Enters.)*, 400 B.R. 795, 801 (Bankr. N.D. Ala. 2009) (finding a class action adversary proceeding would be more efficient than the piecemeal claims process in handling WARN Act claims); *Johnson v. First NLC Din. Servs., LLC (In re First NLC Fin. Servs., LLC)*, 2008 Bankr. LEXIS 2166, at *6-7 (Bankr. S.D. Fla. Aug. 11, 2008) (same); *Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.)*, 392 B.R. 633, 641 (Bankr. D.S.C. 2008); *Cain v. Inacom Corp.*, 2001 Bankr. LEXIS 1299, at * 6 (Bankr. D. Del. Sept. 26, 2001).